UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MCGRAW HILL LLC, BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC d/b/a MACMILLAN LEARNING, CENGAGE LEARNING, INC., ELSEVIER INC., ELSEVIER B.V., MACMILLAN HOLDINGS, LLC, and PEARSON EDUCATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DOES 1 - 35 d/b/a BTESTBANKS.COM, CMZ91.COM, DIGITALMARKET.SHOP, FULLTESTBANK.COM, GRADEXAM.COM, LIVETESTBANK.COM, MANUAL-SOLUTIONS.COM, MYNURSINGTESTPREP.COM, MYSHOP.4STUDENTBOOK.COM, NAFASSY.COM, NURSEMATERIALS.COM, NURSESTEST.COM, NURSINGDOC.COM, NURSINGMASTERY.IO, NURSYLAB.COM, PRIMEXAM.COM, SELLDOCSHERO.COM, SLYSTUDENT.COM, SOLUTIONMANUAL.STORE, SOLUTIONMANUAL.SITE, SOLUTIONS-STUDY321.COM, SOLUTIONSTOBOOKS.COM, STUDENTMAGIC.INDIEMADE.COM, TAKETESTBANK.COM, TB4CLASS.COM, TESTBANKALL.COM, TESTBANKANS.COM, TESTBANKAPLUS.COM, TESTBANKBOOK.COM, TESTBANKONE.COM, TESTBANKS4U.COM, TESTBANKSAFE.COM, TESTBANKSHOP.CC, TESTBANKTRUST.COM, TESTBANKZONE.NET, and TEX-CETERA.WS, <br><br> Defendants. | Civil Action No. |

### DECLARATION OF DAN SEYMOUR

I, **DAN SEYMOUR**, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1.  I am employed by Oppenheim + Zebrak, LLP ("O+Z"), which represents McGraw

Hill LLC, Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning, Cengage Learning, Inc. Elsevier Inc., and Pearson Education, Inc. (collectively, the "Publishers") and Macmillan Holdings, LLC and Elsevier B.V. (collectively, with the Publishers, "Plaintiffs") in this action.

2. I submit this declaration in support of Plaintiffs' *Ex Parte* Application for a Temporary Restraining Order, Order to Show Cause Why a Preliminary Injunction Should Not Issue, Order Authorizing Expedited Discovery, and Order Authorizing Alternate Service in the above-captioned case (the "Application"). I have knowledge of the facts stated herein based on personal knowledge and my review of the documents, files, websites, and other items referenced herein. If called upon to do so, I am able to testify competently to the matters as stated herein.

3. I have worked for O+Z since October 2016. My responsibilities at O+Z focus on investigation and enforcement relating to counterfeiting and online piracy matters for O+Z clients. Overall, I have over 25 years of experience in handling anti-piracy matters and related investigations. Prior to joining O+Z, I was Director of Anti-Piracy for CoStar Group, an online commercial real estate database firm. Before CoStar, I was Senior Manager, Anti-Piracy Internet Enforcement, for the Entertainment Software Association ("ESA"), the trade group for the video games industry. Prior to the ESA, I was Senior Internet Investigations Manager for the Motion Picture Association of America ("MPAA"), the trade group for the major Hollywood movie studios. Prior to the MPAA, I was a Managing Director at CoreFacts and Decision Strategies/Fairfax International.

## **DEFENDANTS' PIRACY AND THE INFRINGING SITES**

4. Defendants own, control, and/or operate a group of websites (the "Infringing Sites" or "Sites"), and likely others, through which they engage in and profit from the sale of unauthorized

digital copies of the Publishers' works. As described in more detail below, in addition to monitoring the Infringing Sites, I, along with members of my team, collected evidence on behalf of Plaintiffs of Defendants' sales of unauthorized copies of the Publishers' test banks, instructor solutions manuals ("ISMs"), and/or textbooks ("Infringing Works") from the Infringing Sites.

5. The following is a list of Defendants' Infringing Sites known to Plaintiffs at this time: btestbanks.com, cmz91.com, digitalmarket.shop, fulltestbank.com, gradexam.com, livetestbank.com, manual-solutions.com, mynursingtestprep.com, myshop.4studentbook.com, nafassy.com, nursematerials.com, nursestest.com, nursingdoc.com, nursingmastery.io, nursylab.com, primexam.com, selldocshero.com, slystudent.com, solutionmanual.store, solutionmanual.site, solutions-study321.com, solutionstobooks.com, studentmagic.indiemade.com, taketestbank.com, tb4class.com, testbankall.com, testbankans.com, testbankaplus.com, testbankbook.com, testbankone.com, testbanks4u.com, testbanksafe.com, testbankshop.cc, testbanktrust.com, testbankzone.net, and tex-cetera.ws.

6. The Infringing Sites are highly interactive and continuously accessible to New York consumers. Purchasers or prospective purchasers can interact with the Sites, including to communicate with Defendants and complete their transactions. On the Infringing Sites, purchasers or prospective purchasers can often scroll through or search for listings of Infringing Works that Defendants have made and sell. Purchasers or prospective purchases can typically view information on their catalogue of items to buy, which are sometimes massive, interact with Sites, and then move forward with the transaction. Specifically, for some Sites, visitors can search by keyword, title, author, and/or International Standard Book Number ("ISBN"). Alternatively, for other Sites, visitors can browse titles by subject matter or send a request to Defendants for a particular title they wish to buy. At the touch of a few keystrokes and armed with a credit card or

other means of online payment, such as a PayPal account, a visitor can purchase and download unauthorized copies of the Publishers' works.

7. In addition, the Sites typically have product pages to advertise the Infringing Works they sell.  On some of these product pages, certain Defendants display counterfeit copies of Cengage's, Elsevier B.V.'s, Macmillan Holdings', McGraw Hill's, and Pearson's (collectively, the "Trademark Plaintiffs") trademarks.  This occurs, for instance, on a cover image of the corresponding textbook.  These product pages are also where some Defendants provide free copies of sample chapters of test banks and/or ISMs that are available, in full form, for purchase on their Sites.

8. Defendants reproduce the Publishers' works without authorization and then store the infringing digital copies on computers or servers Defendants own or control.  In some cases, this is accomplished through the use of third-party cloud storage providers, such as Google Drive and MediaFire.  Most Defendants' Sites advertise that they deliver digital copies of the Infringing Works instantly and/or that the files delivered are compatible with any e-reader, tablet, or similar device.  Thus, shortly, if not immediately, after Defendants receive payment, Defendants send an email or other confirmation from which purchasers can download the pirated test banks, ISMs, and/or textbooks, or provide download links directly on the Infringing Sites.

9. The illicit inventories of most Infringing Sites are substantial.  Indeed, some Infringing Sites contain or provide access to hundreds of listings, or more, of Infringing Words. Defendants also typically continue to expand their illegal businesses, including by adding "new arrivals" to the Infringing Sites.

10. Based on my experience with Defendants' Sites and other websites, such websites typically receive a significant number of visitors from consumers and prospective consumers

located throughout the United States, including in New York. The Infringing Sites fulltestbank.com and nursingdoc.com also advertise on the Sites that they are located in New York.

11. Some of the Infringing Sites are or appear to be related to each other and/or operated by the same individual or group of individuals. While pirates often use inaccurate or fictitious contact information to register and operate their websites, certain of the Sites list identical or nearly identical contact information—be it fictitious or not—and/or include identical or nearly identical content. Additionally, the Infringing Site solutionmanual.store also redirects to another Infringing Site, solutionmanual.site.

12. While online pirates such as Defendants are notorious for, and adept at, hiding their identities and locations, including switching intermediaries to avoid being shut down, Defendants currently utilize the services of a number of intermediaries, including those in the United States, in connection with their infringing activities. In particular, certain Defendants obtain domain name registration services from companies such as GoDaddy, Amazon, NameSileo, and NameCheap; web hosting services from companies such as Google and NameCheap; proxy services from Cloudflare; cloud storage services from companies such as Google and MediaFire; and online advertising services from companies such as Google and Microsoft. Further, Defendants typically use payment processors, such as PayPal and Stripe, to process payments for the Infringing Works. While Defendants' true locations may not be known, Defendants regularly use email for purposes of operating their online businesses. Most of the Infringing Sites include an email address on the Site so that customers or prospective customers can contact Defendants. In other cases, customers or prospective customers can obtain an email address from the domain name registration record. In addition, Defendants typically use the same or additional email addresses for purposes of receiving payment via the payment processors that they use to deliver the Infringing Works. A

non-exhaustive list of the intermediaries used by Defendants is attached as **Exhibit 1** to my declaration. In addition, **Exhibit 2** contains a list of the email addresses my team and I identified as a result of our purchases from and interactions with the Infringing Sites.

## PURCHASE FROM DEFENDANTS' INFRINGING SITES

13. From New York City, we were able to make one purchase of a test bank or ISM from all Infringing Sites, and, in some instances, more than one purchase. Where a physical address was needed in the purchase process, we used an address in Larchmont, New York. After we made such purchases, we followed the respective Site's instructions for downloading the files. The Publishers' representatives then reviewed the files for their works and confirmed that each file contained an unauthorized copy of one of their test banks, ISMs, or textbooks. The Trademark Plaintiffs' representatives also confirmed that the relevant product pages display identical or nearly identical copies of their trademarks.

14. For each purchase, we collected evidence at each stage of the transaction, including screenshots of the relevant product, payment detail, and purchase confirmation pages, as well as any emails received from the Infringing Sites. To avoid unnecessarily burdening the Court, I have not attached the purchase records associated with the Infringing Works. However, all such records are available for review at the Court's or any party's request.

15. Similarly, we made and preserved copies of the product pages that display unauthorized reproductions of the Trademark Plaintiffs' trademarks, which are not attached but available for review at the Court's or any party's request.

## EVIDENCE OF DEFENDANTS' WILLFULNESS

16. Defendants hide behind the anonymity of the internet and the Infringing Sites. None of the Sites themselves reveal the true names (and most contain no name) of who is operating

the Site. Consumers and prospective consumers are given generic email addresses as contacts. Most of the Infringing Sites do not provide physical addresses or, if they do, provide false addresses. Based on Plaintiffs' experiences in similar cases involving digital piracy, it is likely that many of the Defendants are located in foreign countries. Some Defendants also use a proxy service for domain name registration and/or provide false information to the domain name registrars.

17. As a result of Defendants' actions, wholesale, unauthorized copies of Infringing Works are distributed with no Digital Rights Management or other way to prevent their viral downstream dissemination, and thus protect against further infringement of the Publishers' works.

18. Some Defendants, including digitalmarket.shop, nursylab.com, and testbankans.com, specifically advertise that they are providing access to materials that are not typically available to students as an enticement to purchasers.

19. The Infringing Sites cmz91.com, fenlita.com, nafassy.com, nursestest.com, nursingdoc.com, nursylab.com, primexam.com, testbankans.com, testbankbook.com, and testbanksafe.com previously received notices of infringement from Plaintiffs but ignored the notices and kept infringing.

20. Defendants also often operate their infringing businesses at multiple and everchanging domains. Based on my experience, these same Defendants are likely operating even more infringing websites that Plaintiffs have not yet discovered.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Dan Seymour

Executed on March 31, 2023