JUDGE STANTON

23 CV 02798

ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MCGRAW HILL LLC, BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC d/b/a MACMILLAN LEARNING, CENGAGE LEARNING, INC., ELSEVIER INC., ELSEVIER B.V., MACMILLAN HOLDINGS, LLC, and PEARSON EDUCATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DOES 1 - 35 d/b/a BTESTBANKS.COM, CMZ91.COM, DIGITALMARKET.SHOP, FULLTESTBANK.COM, GRADEXAM.COM, LIVETESTBANK.COM, MANUAL-SOLUTIONS.COM, MYNURSINGTESTPREP.COM, MYSHOP.4STUDENTBOOK.COM, NAFASSY.COM, NURSEMATERIALS.COM, NURSESTEST.COM, NURSINGDOC.COM, NURSINGMASTERY.IO, NURSYLAB.COM, PRIMEXAM.COM, SELLDOCSHERO.COM, SLYSTUDENT.COM, SOLUTIONMANUAL.STORE, SOLUTIONMANUAL.SITE, SOLUTIONS-STUDY321.COM, SOLUTIONSTOBOOKS.COM, STUDENTMAGIC.INDIEMADE.COM, TAKETESTBANK.COM, TB4CLASS.COM, TESTBANKALL.COM, TESTBANKANS.COM, TESTBANKAPLUS.COM, TESTBANKBOOK.COM, TESTBANKONE.COM, TESTBANKS4U.COM, TESTBANKSAFE.COM, TESTBANKSHOP.CC, TESTBANKTRUST.COM, TESTBANKZONE.NET, and TEX-CETERA.WS, <br><br> Defendants. | Civil Action No. <br><br> [~~PROPOSED~~] <br> 1) TEMPORARY RESTRAINING ORDER; <br> 2) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; 3) EXPEDITED DISCOVERY ORDER; AND 4) ALTERNATE SERVICE ORDER ("*EX PARTE* ORDER") <br><br> LLS |

## *EX PARTE* ORDER

McGraw Hill LLC ("McGraw Hill"), Bedford, Freeman & Worth Publishing Group, LLC

d/b/a Macmillan Learning ("Macmillan Learning"), Cengage Learning, Inc. ("Cengage"), Elsevier

Inc. ("Elsevier"), and Pearson Education, Inc. ("Pearson") (collectively, the "Publishers"), and Elsevier B.V. and Macmillan Holdings, LLC ("Macmillan Holdings") (collectively, with the Publishers, "Plaintiffs") have moved *ex parte* against Defendants Does 1 – 35 (collectively, "Defendants"), doing business as, respectively, btestbanks.com, cmz91.com, digitalmarket.shop, fulltestbank.com, gradexam.com, livetestbank.com, manual-solutions.com, mynursingtestprep.com, myshop.4studentbook.com, nafassy.com, nursematerials.com, nursestest.com, nursingdoc.com, nursingmastery.io, nursylab.com, primexam.com, selldocshero.com, slystudent.com, solutionmanual.store, solutionmanual.site solutions-study321.com, solutionstobooks.com, studentmagic.indiemade.com, taketestbank.com, tb4class.com, testbankall.com, testbankans.com, testbankaplus.com, testbankbook.com, testbankone.com, testbanks4u.com, testbanksafe.com, testbankshop.cc, testbanktrust.com, testbankzone.net, and tex-cetera.ws (the "Infringing Sites"), for 1) a temporary restraining order, 2) an order to show cause why a preliminary injunction should not issue, 3) an order authorizing expedited discovery, and 4) an order authorizing alternate service by electronic mail (the "Application"). Plaintiffs so move the Court on the basis that Defendants are reproducing, distributing, and selling unauthorized digital copies of the Publishers' test banks, instructor solutions manuals ("ISMs"), and/or textbooks ("Infringing Works"), in which the Publishers own or exclusively control the federally registered copyrights. Plaintiffs further so move the Court on the basis that, in connection with the advertising and sale of Infringing Works, certain Defendants are using in commerce unauthorized, identical (or substantially indistinguishable) copies of Cengage's, Elsevier B.V.'s, Macmillan Holdings', McGraw Hill's, and Pearson's (collectively, the "Trademark Plaintiffs") federally registered trademarks and/or service marks (the "Marks").

The Court, having reviewed the Complaint, the Memorandum of Law filed in support of the Application, the declarations filed in support of the Application, and the entire record herein, makes the following findings of fact and conclusions of law:

### FACTUAL FINDINGS AND CONCLUSIONS OF LAW

1. The Court has personal jurisdiction over Defendants under N.Y. C.P.L.R. § 302(a), including on the grounds that Defendants own, operate, and/or control highly interactive websites that are continuously accessible to and target, sell, and/or deliver goods to consumers in New York, have sold copies of the Publishers' test banks and/or ISMs to New York consumers, and/or have injured Plaintiffs in New York through the operation of the Infringing Sites.

2. Plaintiffs are likely to succeed in showing that Defendants have infringed and are continuing to infringe the Publishers' copyrights in connection with Defendants' reproduction, distribution, and/or sale of Infringing Works, including via the Infringing Sites. Plaintiffs are also likely to succeed in showing that Defendants have infringed and are continuing to infringe the Marks in connection with Defendants' distribution, sale, and/or offering for sale of unauthorized copies of Infringing Works.

3. The reproduction, distribution, and sale of Infringing Works, and the infringing use of reproductions of the Marks in connection therewith, will result in immediate and irreparable injury to Plaintiffs if the requested relief is not granted.

4. The balance of potential harm to Defendants, if any, by being prevented from continuing to profit from infringing activities if a temporary restraining order is issued is far outweighed by the harm to Plaintiffs, their businesses, and the value associated with the Publishers' copyrights and the Trademark Plaintiffs' Marks if a temporary restraining order is not issued.

5. Public interest favors issuance of a temporary restraining order in order to protect Plaintiffs' interests in their intellectual property rights and to protect the public from the harm caused by Defendants' activity at issue in this case, which encourages and facilitates academic cheating.

6. If Defendants are given notice of the Application prior to the time set forth below, they are likely to secrete, conceal, transfer, or otherwise dispose of the proceeds from their sales of Infringing Works, thus preventing Plaintiffs from obtaining the final relief they seek.

7. Without the requested expedited discovery, Plaintiffs will not be able to determine the true identities and locations of Defendants, obtain the information necessary to effectuate the asset freeze as set forth below, and ultimately proceed with their claims and obtain the final relief they seek.

8. Service on Defendants by electronic mail to the email addresses used by Defendants to conduct business on or in connection with their respective Infringing Sites is reasonably calculated to provide Defendants with actual notice of Plaintiffs' claims.

## ORDER TO SHOW CAUSE

Based on the foregoing, it is HEREBY ORDERED that Defendants shall appear by written submissions to [telephonically, pursuant to instructions that will issue from the Court] [or in Courtroom ~~~~ of the United States District Court for the Southern District of New York at 500 Pearl Street / 40 Centre Street, New York, New York 10007] _____, 2023 at _____ a.m./p.m. to show cause why an order should not be entered, pending resolution of this case or further order of this Court, granting Plaintiffs' request for a preliminary injunction enjoining Defendants, their respective officers, agents, employees, and attorneys, and all those in active concert or participation with any of them, who receive actual notice of the order, and an

4

asset freeze order, in a manner substantially similar to the relief provided herein ("Preliminary Injunction"). Plaintiffs seek the Preliminary Injunction pursuant to, *inter alia*, Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), the Lanham Act (15 U.S.C. § 1116), N.Y. C.P.L.R. §§ 6201 *et al.*, and the Court's inherent equitable authority to issue provisional remedies ancillary to its authority to provide final equitable relief.

IT IS FURTHER ORDERED that Defendants' answering papers shall be filed and *also* served [LLS] upon Plaintiffs' counsel, by email to comms.publisher.lawsuit@oandzlaw.com, on or before ~~Tuesday April 4~~ *Friday, April 14,* 2023, and Plaintiffs' reply papers, if any, shall be filed and served on [LLS] Defendants on or before *Tuesday April 18*, 2023. [LLS]

IT IS FURTHER ORDERED that any non-party provided with notice of this *Ex Parte* Order for purposes of compliance with its terms shall not disclose in sum or substance the *Ex Parte* Order to Defendants, including their officers, directors, agents, employees, and attorneys, or provide Defendants or such persons with notice of this action, until Plaintiffs have filed proof of service of the *Ex Parte* Order on Defendants on the case docket as provided in the Alternate Service Order below. Within two (2) days of serving Defendants with the *Ex Parte* Order, Plaintiffs shall notify non-parties with whom they have provided notice of the *Ex Parte* Order and/or sought expedited discovery hereunder that service upon Defendants has been effected.

### TEMPORARY RESTRAINING ORDER

IT IS HEREBY ORDERED, in accordance with Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), the Lanham Act (15 U.S.C. § 1116), N.Y. C.P.L.R. §§ 6201 et al., and the Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, and no prior application having been granted, that:

1. Defendants, their officers, agents, employees, and attorneys, and all those in active

concert or participation with any of them, who receive actual notice of this Temporary Restraining Order, are enjoined from:

    a) Directly or indirectly infringing any copyrighted work that is owned or exclusively controlled by any of the Publishers ("Publishers' Copyrighted Works");

    b) Directly or indirectly infringing any trademark to which any of the Trademark Plaintiffs are the registrants under 15 U.S.C. § under 15 U.S.C. § 1127 ("Trademark Plaintiffs' Marks);

    c) Copying, reproducing, manufacturing, importing, downloading, uploading, transmitting, distributing, selling, offering for sale, advertising, marketing, promoting, or otherwise exploiting any of the Publishers' Copyrighted Works without the Publishers' express written permission; or enabling, facilitating, permitting, assisting, soliciting, encouraging, or inducing others to engage in such activities;

    d) Copying, reproducing, using in connection with manufacturing, importing, downloading, uploading, transmitting, distributing, selling, offering for sale, advertising, marketing, or promoting goods or services, or otherwise using in commerce, the Trademark Plaintiffs' Marks without the Trademark Plaintiffs' express written permission; or enabling, facilitating, permitting, assisting, soliciting, encouraging, or inducing others to engage in such activities;

    e) Creating, operating, maintaining, or hosting the Infringing Sites or other websites operated by Defendants that infringe the Publishers' Copyrighted

6

        Works or Trademark Plaintiffs' Marks;

f) Operating, maintaining, registering, providing, or using any computer server, domain name, domain name server, cloud storage service, e-commerce platform, online advertising service, social media platform, proxy service (including reverse and forwarding proxies), website optimization service (including website traffic management), caching service, content delivery network, or payment processing or other financial service to, for, or in connection with the Infringing Sites or other websites operated by Defendants that infringe the Publishers' Copyrighted Works or the Trademark Plaintiffs' Marks; or providing other similar services to support the Infringing Sites or other websites operated by Defendants that infringe the Publishers' Copyrighted Works or the Trademark Plaintiffs' Marks;

g) Transferring ownership or control of the websites, domain names, or accounts associated with the Infringing Sites or other websites operated by Defendants that infringe the Publishers' Copyrighted Works or the Trademark Plaintiffs' Marks; and

h) Displaying in online search results, or providing links to, the Infringing Sites, other websites operated by Defendants that infringe the Publishers' Copyrighted Works or the Trademark Plaintiffs' Marks, or infringing products offered on such websites.

2. Defendants, their officers, agents, employees, and attorneys, and all those in active concert or participation with any of them, who receive actual notice of this Temporary Restraining

Order, and service providers to Defendants or other non-parties who receive actual notice of this Temporary Restraining Order and operate or control accounts holding or receiving money or other assets owned by, related to, connected to, associated with, held by, or transferred in connection with Defendants' Infringing Sites or Defendants' sale of the Publishers' Copyrighted Works ("Defendants' Accounts"), must immediately locate all of Defendants' Accounts and immediately cease transferring, withdrawing, or otherwise disposing of any money or other assets in Defendants' Accounts or allowing such money or other assets in Defendants' Accounts to be transferred, withdrawn, or otherwise disposed of. Defendants' Accounts include, but are not limited to: (i) Defendants' Accounts with providers of payment processing services ("Payment Processors"), such as PayPal and Stripe; and (ii) Defendants' Accounts with banks, savings and loan associations, credit card processing agencies, merchant acquiring banks, cryptocurrency exchanges, and other companies that engage in the processing or transfer of money and/or other assets ("Financial Institutions").

IT IS FURTHER ORDERED that Defendants shall preserve copies of all computer files relating to any of the Infringing Sites or Defendants' sale of the Publishers' Copyrighted Works or use of the Trademark Plaintiffs' Marks and shall take all steps necessary to retrieve such computer files that may have been deleted before the entry of this Order.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall remain in effect for fourteen (14) days unless extended by the Court.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall no longer apply to any Defendant dismissed from this action.

IT IS FURTHER ORDERED that Plaintiffs shall post security in the amount of $100,000 / One Hundred Thousand corporate surety bond, cash, credit card, or a certified or attorney's check, on or before Monday April 10, 2023    LLS

8

IT IS FURTHER ORDERED that upon two (2) business days' written notice to the Court and Plaintiffs' counsel, any Defendant or restrained non-party may appear and move for the dissolution or modification of the provisions of this Temporary Restraining Order upon an appropriate evidentiary showing.

### EXPEDITED DISCOVERY ORDER

Sufficient cause having been shown, IT IS HEREBY ORDERED that:

1. Within two (2) days of receiving actual notice of this *Ex Parte* Order, Defendants and any individual or entity providing services to Defendants' Infringing Sites or to Defendants in connection with those activities referred to in paragraphs 1(c) through (h) of the Temporary Restraining Order shall provide to Plaintiffs' counsel, via email to comms.publisher.lawsuit@oandzlaw.com, written disclosure of the following information, regardless of whether such information physically resides in the United States or abroad:

   a) All names, physical addresses, email addresses, and Internet Protocol ("IP") addresses associated with Defendants or the Infringing Sites;

   b) Any other websites or domain names associated with or related to Defendants or the Infringing Sites, along with all names, physical addresses, email addresses, and IP addresses associated with such websites and/or domain names;

   c) For (a) and (b) above, for service providers that provide proxy/reverse proxy services, Defendants' or the Infringing Sites' origin IP addresses and web hosts; and

   d) Regarding Defendants' Accounts with Payment Processors and Financial Institutions, the identity and location of the Payment Processor or Financial Institution; the complete account number; all names, physical addresses, email

addresses, and IP addresses associated with the account; and the current balance of the account.

2. Plaintiffs may immediately issue expedited discovery requests to Defendants and/or seek via subpoena from relevant non-parties, who shall provide within no more than five (5) days of service of the requests or subpoena, information regarding the following, regardless of whether such information physically resides in the United States or abroad:

   a) Defendants' inventory of the Publishers' Copyrighted Works, including the relevant title, ISBN, and the location of such inventory, and Defendants' copies of the Trademark Plaintiffs' Marks;

   b) Defendants' sales of the Publishers' Copyrighted Works from April 4, 2020 to the present, including Defendants' gross revenues received and, for each transaction, the relevant title, ISBN, number of copies sold, price per copy, date sold, and purchaser's city and state;

   c) Upload logs and download logs or similar documents reflecting the sale or distribution of the Publishers' Copyrighted Works through the Infringing Sites, including the date and time of the uploads/downloads, and the name of the files uploaded/downloaded;

   d) Search engine keywords purchased or utilized and online advertisements created or displayed from April 4, 2020 to the present in connection with the Infringing Sites and/or the offering for sale, sale, or distribution of Publishers' Copyrighted Works by Defendants;

   e) Account statements and/or similar transaction detail for Defendants' Accounts with Payment Processors and Financial Institutions from April 4, 2020 to the present;

and

    f) With respect to a Financial Institution, information concerning its connection to the United States, including but not limited to information concerning U.S. dollar wire transfers to and from other countries as well as properties owned, correspondent accounts, acquiring banks, and settlement accounts in the United States and/or used by Defendants.

3. It is further ordered that Plaintiffs may immediately issue expedited discovery requests and/or subpoenas seeking the inspection of the Publishers' Copyrighted Works held in inventory by a Defendant or by a non-party on behalf of or in association with a Defendant. Plaintiffs and Defendants and, if applicable, any non-parties, shall work cooperatively to coordinate the inspection of the Publishers' Copyrighted Works within five (5) days of Plaintiffs' request.

## ALTERNATE SERVICE ORDER

Sufficient cause having been shown, IT IS HEREBY ORDERED that:

1. Pursuant to Federal Rule of Civil Procedure 4(f)(3) and N.Y. C.P.L.R. § 308, service of process in this action may be made upon and shall be deemed effective as to Defendants by email to Defendants' email addresses associated with the Infringing Sites as identified in Appendix A hereto ("Defendants' Email Addresses");

2. Plaintiffs may carry out alternate service of process as ordered herein by providing Defendants with a link to a File Transfer Protocol ("FTP") or other type of secure file-transmittal site to access PDF copies of: 1) the Summons and Complaint; 2) this *Ex Parte* Order; and 3) all papers filed in support of Plaintiffs' Application.

3. Plaintiffs shall provide Defendants with notice of this *Ex Parte* Order, along with

Plaintiffs' papers in support of the Application, to Defendants' Email Addresses within five (5) days of disclosure of all discovery sought concerning Defendants' Accounts with Payment Processors and Financial Institutions as provided in the Expedited Discovery Order, but in no event later than eleven (11) days from the date of this *Ex Parte* Order. Plaintiffs shall file proof of such service on the case docket within two (2) days of making such service.

4.  Plaintiffs may also serve Defendants with other papers in this case by email to Defendants' Email Addresses.

It is SO ORDERED this 4th day of April, 2023, at 1:30 a.m./p.m.

_____Louis L. Stanton_____
UNITED STATES DISTRICT JUDGE

JUDGE STANTON

23 CV 02798

# *EX PARTE* ORDER

# ATTACHMENT A

*McGraw Hill LLC, et al. v. Does 1-35 d/b/a btestbanks.com, et al.*

*EX PARTE* ORDER
Attachment A

| Doe # | Infringing Site | Email Address(es) for Infringing Site |
|---|---|---|
| 1 | btestbanks.com | mailerbtestbanks@gmail.com |
| 2 | cmz91.com | 965074539@qq.com |
| 2 | cmz91.com | a965074539@163.com |
| 3 | digitalmarket.shop | translationagencies2020@gmail.com |
| 4 | fulltestbank.com | abdallahtayseer122@gmail.com |
| 4 | fulltestbank.com | fulltestbank@gmail.com |
| 5 | gradexam.com | help.gradexam@gmail.com |
| 5 | gradexam.com | help.gradexam@gmail.com |
| 6 | livetestbank.com | lquai740@gmail.com |
| 6 | livetestbank.com | support@Livetestbank.com |
| 6 | livetestbank.com | testbankone123@gmail.com |
| 7 | manual-solutions.com | ftbouaich@gmail.com |
| 7 | manual-solutions.com | request.testbank@gmail.com |
| 7 | manual-solutions.com | request.testbank@gmail.com |
| 8 | mynursingtestprep.com | nursingexamprep22@gmail.com |
| 9 | myshop.4studentbook.com | 4StudentBook@Gmail.com |
| 9 | myshop.4studentbook.com | m1alghoul@gmail.com |
| 10 | nafassy.com | contact@nafassy.com |
| 10 | nafassy.com | contact@nafassy.com |
| 11 | nursematerials.com | 4c3d780c4b69477685b8fe2278af0034.protect@withheldforprivacy.com |
| 12 | nursestest.com | info@nursestest.com |
| 12 | nursestest.com | marabuzaid988@gmail.com |
| 12 | nursestest.com | payment@nursestest.com |
| 13 | nursingdoc.com | admin@nursingdoc.com |
| 13 | nursingdoc.com | damo916@live.fr |
| 14 | nursingmastery.io | testbankfinder@pm.me |
| 15 | nursylab.com | sales@nursylab.com |
| 15 | nursylab.com | support@nursylab.com |
| 16 | primexam.com | industrialist.bloom@gmail.com |
| 16 | primexam.com | nurse.primexam@gnail.com |
| 17 | selldocshero.com | hamza_stu023@yahoo.com |
| 17 | selldocshero.com | selldocshero@gmail.com |
| 17 | selldocshero.com | ttmcqs@gmail.com |
| 17 | selldocshero.com | zafar7183@gmail.com |
| 18 | slystudent.com | INFO@SLYSTUDENT.COM |
| 18 | slystudent.com | slystudent2022@gmail.com |
| 19 | solutionmanual.store/solutionmanual.site | admin@solutionmanual.site |
| 19 | solutionmanual.store/solutionmanual.site | smtb98@gmail.com |
| 19 | solutionmanual.store/solutionmanual.site | solution9159@gmail.com |
| 20 | solutions-study321.com | academic.resources569@outlook.com |
| 21 | solutionstobooks.com | admin@solutionstobooks.com |
| 21 | solutionstobooks.com | sales@solutionstobooks.com |
| 21 | solutionstobooks.com | students.resources489@outlook.com |
| 21 | solutionstobooks.com | support@solutionstobooks.com |
| 22 | studentmagic.indiemade.com | industrialist.bloom@gmail.com |
| 22 | studentmagic.indiemade.com | orders@indiemade.com |
| 23 | taketestbank.com | support@taketestbank.com |
| 23 | taketestbank.com | testbanksolution942@gmail.com |
| 24 | tb4class.com | hi@advertpacific.com |
| 24 | tb4class.com | info@tb4class.com |
| 24 | tb4class.com | zeeshokhan956@gmail.com |
| 25 | testbankall.com | testbankone123@gmail.com |
| 25 | testbankall.com | testbankone123@gmail.com |
| 26 | testbankans.com | danieljonesteam@hotmail.com |
| 26 | testbankans.com | sales@testbankans.com |
| 26 | testbankans.com | sales@testbankans.com |
| 26 | testbankans.com | testbankfinder2018@gmail.com |

*EX PARTE* ORDER
Attachment A

| | | |
|---|---|---|
| 27 | testbankaplus.com | DanielMillerService2021@gmail.com |
| 27 | testbankaplus.com | kellytestbank@gmail.com |
| 27 | testbankaplus.com | sales@testbankaplus.com |
| 28 | testbankbook.com | order@testbankwin.com |
| 28 | testbankbook.com | support@testbankbook.com |
| 29 | testbankone.com | support@testbankone.com |
| 30 | testbanks4u.com | hi@AdvertPacific.com |
| 30 | testbanks4u.com | info@testbanks4u.com |
| 31 | testbanksafe.com | inquiry@testbanksafe.com |
| 31 | testbanksafe.com | testbanksolution127@gmail.com |
| 32 | testbankshop.cc | support@testbankshop.cc |
| 33 | testbanktrust.com | Support@testbanktrust.com |
| 33 | testbanktrust.com | testbanksolution127@gmail.com |
| 34 | testbankzone.net | testbankzone2020@gmail.com |
| 35 | tex-cetera.ws | admin@tex-cetera.ws |
| 35 | tex-cetera.ws | support@tex-cetera.ws |