**O+Z** | Oppenheim + Zebrak, LLP

WASHINGTON – NEW YORK

Danae Tinelli
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.851.4070
danae@oandzlaw.com

April 13, 2023

**VIA HAND DELIVERY**
(docket currently under seal)

The Honorable Louis L. Stanton
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St., Courtroom 21C
New York, NY 10007

Re:   *McGraw Hill LLC et al. v. Does 1-35 d/b/a btestbanks.com et al.*, S.D.N.Y. Case No. 23-CV-02798-LLS

Dear Judge Stanton:

We represent McGraw Hill LLC, Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning, Cengage Learning, Inc., Elsevier Inc., and Pearson Education, Inc. (collectively, the "Publishers"), and Macmillan Holdings, LLC and Elsevier B.V. (collectively, with the Publishers, "Plaintiffs"), in the above-referenced action. The Publishers are leading educational publishers whose copyrights the defendants have infringed, and Cengage, Elsevier B.V., Macmillan Holdings, McGraw Hill, and Pearson (collectively, "Trademark Plaintiffs") are the owners of trademarks the Defendants have counterfeited. Defendants engage in this blatant infringement by operating wholly infringing websites that sell illegal, digital copies of the Publishers' test banks, instructor solutions manuals ("ISMs"), and/or textbooks.

Pursuant to Federal Rule Civil Procedure 65(b)(2), Plaintiffs hereby file this letter motion to seek a 14-day extension of the Temporary Restraining Order ("TRO") imposed in connection with the Court's *Ex Parte* Order dated April 4, 2023 ("*Ex Parte* Order"). The TRO currently expires on April 18, 2023. As explained below, Plaintiffs seek this one-time extension of the TRO because Plaintiffs have not yet received complete discovery from third parties under the expedited discovery provisions of the *Ex Parte* Order, and such information is critical to effectuating the injunctive and asset freeze provisions of the *Ex Parte* Order. In addition to an extension of the TRO, Plaintiffs also request concomitant extensions to serve Defendants with the *Ex Parte* Order and of the dates for the filing of papers concerning the Order to Show Cause for a Preliminary Injunction.

Specifically, Plaintiffs seek to modify the dates set out in the *Ex Parte* Order such that: (1) the TRO remains in effect until midnight on May 2, 2023 (unless a Preliminary Injunction is issued before then); (2) Plaintiffs will serve Defendants with the Complaint, the *Ex Parte* Order, and their papers in support of the *Ex Parte* Order by no later than April 26, 2023; (3) the docket will remain sealed until Plaintiffs have served Defendants; (4) Plaintiffs will file a proposed Preliminary Injunction and serve Defendants with same by April 26, 2023; (5) Defendants will file any answering papers by April 28, 2023; and (6) Plaintiffs will file any reply papers by May 1, 2023.

Hon. Louis L. Stanton<br>
April 13, 2023<br>
Page 2 of 3

There is good cause to extend the TRO and the related dates. TROs can only be granted for 14 days initially and, absent consent from Defendants, extended one further 14-day period for good cause. *See* Fed. R. Civ. P. 65(b)(2). Courts routinely grant such TRO extensions in similar circumstances. *See, e.g., Pearson Education, Inc. v. Does 1-39 d/b/a abooks.org*, No. 21-cv-3486-RA (S.D.N.Y. May 4, 2021) (ECF No. 30)*; Elsevier Inc. v. Does 1-86 d/b/a 7yec.com et al.*, Case No. 20-cv-8438-LLS (S.D.N.Y Nov. 2, 2020) (ECF No. 33); *Cengage Learning, Inc. v. Nguyen*, Case No. 20-cv-769-JGK (S.D.N.Y. Feb. 5, 2020) (ECF No. 13); *McGraw Hill LLC v. Doe 1 d/b/a/ abetterdeal3*, Case No. 20-cv-356-JSR (S.D.N.Y. Jan. 28, 2020) (ECF No. 18); *Bedford, Freeman & Worth Publishing Group, LLC v. Nguyen,* Case No. 19-cv-10524-LAK (S.D.N.Y. Nov. 26, 2019) (ECF No. 7).

Since the TRO has been in place, Plaintiffs have been active in noticing third parties in an effort to identify the Doe Defendants and preserve evidence and assets to alleviate irreparable harm to Plaintiffs to the extent possible. However, these efforts are still very much ongoing, especially because they are largely dependent upon the responses of third parties. Plaintiffs require additional time to pursue this activity while the status quo is preserved.

In particular, the 14-day extension of the TRO is needed because Plaintiffs are still awaiting critical information from the financial institutions that the Defendants use to carry out their infringing sales, and this information, in turn, is necessary to identify Defendants' accounts and effectuate the asset freeze ordered by the Court. Further, Plaintiffs have not yet received responses from certain intermediaries servicing Defendants' infringing websites, such as web hosts and domain registrars, regarding the information they are required to provide in accordance with the expedited discovery provisions within the *Ex Parte* Order and related subpoenas. *See Ex Parte* Order at 9-11. Plaintiffs require these responses to identify the Defendants, ensure that intermediaries providing services to support the infringement have implemented the TRO, and identify Defendants' financial accounts associated with these services. Plaintiffs will continue to diligently follow up with these intermediaries during the extended TRO period.

Plaintiffs have not yet been in contact with Defendants to ascertain whether they agree to the requests herein, as doing so would be inconsistent with the procedural posture of the case and jeopardize the asset freeze. *See Ex Parte* Order at 5, 11-12 (Defendants are not to be notified of the *Ex Parte* Order until Plaintiffs have filed proof of service of the *Ex Parte* Order on the case docket); April 4, 2023 *Ex Parte* Sealing Order. And in any event, most Defendants have not yet been identified.

For all these reasons, the Court should find there is good cause to extend the TRO for one additional 14-day period and to extend the other dates as requested herein. No previous requests for adjournments of these dates have been made in this matter, and the adjournments will not affect any other scheduled dates.

Case 1:23-cv-02798-LLS    Document 26    Filed 04/26/23    Page 3 of 3

Hon. Louis L. Stanton
April 13, 2023
Page 3 of 3

Thank you for the Court's consideration of these requests.

Sincerely,

*/s/ Danae Tinelli*

Danae Tinelli