## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

MCGRAW HILL LLC, BEDFORD, FREEMAN &
WORTH PUBLISHING GROUP, LLC d/b/a
MACMILLAN LEARNING, CENGAGE
LEARNING, INC., ELSEVIER INC., ELSEVIER
B.V., MACMILLAN HOLDINGS, LLC, and
PEARSON EDUCATION, INC.,

    Plaintiffs,

  v.

DOES 1 - 35 d/b/a BTESTBANKS.COM,
CMZ91.COM, DIGITALMARKET.SHOP,
FULLTESTBANK.COM, GRADEXAM.COM,
LIVETESTBANK.COM, MANUAL-
SOLUTIONS.COM, MYNURSINGTESTPREP.COM,
MYSHOP.4STUDENTBOOK.COM,
NAFASSY.COM, NURSEMATERIALS.COM,
NURSESTEST.COM, NURSINGDOC.COM,
NURSINGMASTERY.IO, NURSYLAB.COM,
PRIMEXAM.COM, SELLDOCSHERO.COM,
SLYSTUDENT.COM,
SOLUTIONMANUAL.STORE,
SOLUTIONMANUAL.SITE, SOLUTIONS-
STUDY321.COM, SOLUTIONSTOBOOKS.COM,
STUDENTMAGIC.INDIEMADE.COM,
TAKETESTBANK.COM, TB4CLASS.COM,
TESTBANKALL.COM, TESTBANKANS.COM,
TESTBANKAPLUS.COM, TESTBANKBOOK.COM,
TESTBANKONE.COM, TESTBANKS4U.COM,
TESTBANKSAFE.COM, TESTBANKSHOP.CC,
TESTBANKTRUST.COM, TESTBANKZONE.NET,
and TEX-CETERA.WS,

    Defendants.

**Civil Action No. 23-cv-2798-LLS**

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO AMEND THE COMPLAINT, FOR AN AMENDED PRELIMINARY INJUNCTION, AND FOR ALTERNATE SERVICE

i

TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ...................................................................................................... 3

ARGUMENT ......................................................................................................................... 5

   I.   Leave to Amend the Complaint Should Be Freely Granted. ............................................ 5

   II.   An Amended Preliminary Injunction Should Be Entered................................................ 8

   III.   Continued Alternate Service by Email Is Warranted....................................................... 9

     A.   The Foreign Defendants Should Be Served by Email. ................................................ 10

       1.   Service by Email is Allowed Under the Hague Convention...................................... 11

       2.   Service by Email Is Not Prohibited by International Agreement with the Non-Hague Convention Signatories. ................................................................................. 12

       3.   The Hague Convention Does Not Apply in Any Event Without Confirmed Addresses. .................................................................................................. 13

     B.   Even if She Is Located in the United States, Defendant Stevenson Should Be Served by Email. ................................................................................................. 14

     C.   Service by Email Is Reasonably Calculated to Provide Notice to Defendants and Comports with Due Process.................................................................................. 15

     D.   Service of Other Papers by Email Is Within the Court's Discretion to Order. ............. 16

CONCLUSION.................................................................................................................... 17

# TABLE OF AUTHORITIES

## CASES

*adidas AG v. Individuals, P'ships & Uninc. Ass'ns Identified on Schedule "A"*,
  No. 19-CV-61264-UU, 2019 WL 7841807 (S.D. Fla. May 23, 2019) .............................. 13, 14

*Advanced Aerofoil Techs., AG v. Todaro*,
  No. 11 Civ. 9505(ALC), 2012 WL 299959 (S.D.N.Y. Jan. 31, 2012) .................................... 11

*Aetna Casualty & Surety Co. v. Aniero Concrete Co.*,
  404 F.3d 566 (2d Cir.2005) ............................................................................................... 6

*Alfred E. Mann Living Trust v. ETIRC Aviation S.A.R.L.*,
  910 N.Y.S.2d 418 (N.Y. App. Div. 2010) ............................................................................ 16

*Assef v. Does 1-10*,
  No. 15-CV-01960-MEJ, 2016 WL 1191683 (N.D. Cal. Mar. 28, 2016) ................................. 13

*Bedford, Freeman & Worth Publishing Group, LLC et al. v. Does 1-28 et al.*,
  Civil Action No. 21-cv-6691-ER (S.D.N.Y.) ....................................................................... 8

*Broadfoot v. Diaz*,
  245 B.R. 713 (Bankr. N.D. Ga. 2000) ........................................................................... 11, 17

*Celgene Corp. v. Blanche Ltd.*,
  No. CV16501SDWLDW, 2017 WL 1282200  (D.N.J. Mar. 10, 2017) ................................. 14

*Dama S.P.A. v. Does*,
  15-CV-4528 (VM), 2015 WL 10846737 (S.D.N.Y. June 15, 2015) ...................................... 16

*Elsevier, Inc. v. Siew Yee Chew*,
  287 F. Supp. 3d 374 (S.D.N.Y. 2018) ................................................................. 11, 13, 14, 16

*Foman v. Davis*,
  371 U.S. 178 (1962) ..................................................................................................... 6, 7

*FTC v. PCCare247 Inc.*,
  No. 12-cv-7189-PAE, 2013 WL 841037 (S.D.N.Y. Mar. 7, 2013) ...................... 10, 11, 16, 18

*GLG Life Tech Corp. Sec. Litig.*,
  287 F.R.D. 262 (S.D.N.Y. 2012) .................................................................................... 17

*Gurung v. Malhotra*,
  279 F.R.D. 215 (S.D.N.Y. 2011) ................................................................................... 13

*Icon DE Holdings LLC v. Eastside Distributors*,
  No. 14 CIV. 2832 PAE, 2015 WL 4557278 (S.D.N.Y. July 28, 2015)................................... 12

*In re American International Group, Inc. Securities Litigation*,
  No. 04 Civ. 8141, 2008 WL 2795141 (S.D.N.Y. July 18, 2008) ............................................... 7

*Louis Vuitton Malletier v. Individuals, P'ships & Uninc. Ass'ns Identified on Schedule "A"*,
  No. 20-61122-CIV, 2020 WL 4501765 (S.D. Fla. June 9, 2020)........................................... 13

*Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*,
  265 F.R.D. 106 (S.D.N.Y. 2010) ........................................................................................ 10

*Mattel, Inc. v. Animefun Store*,
  No. 18 CIV 8824 (LAP), 2020 WL 2097624 (S.D.N.Y. May 1, 2020) ................................. 13

*Museum Boutique Intercontinental, Ltd. v. Picasso*,
  880 F. Supp. 153 (S.D.N.Y. 1995) ........................................................................................ 9

*New York City Triathlon, LLC v. NYC Triathlon Club, Inc.*,
  704 F. Supp. 2d 305 (S.D.N.Y. 2010) .................................................................................... 8

*On Track Innovations Ltd. v. T-Mobile USA, Inc.*,
  No. 12 CIV. 2224 AJN JCF, 2014 WL 406497, 5 (S.D.N.Y. Feb. 3, 2014) ...................... 6, 7

*Pearson Education, Inc. et al. v. Does 1-39 et al.*,
  Civil Action No. 21-cv-3486-RA (S.D.N.Y.) .......................................................................... 8

*Philip Morris USA Inc. v. Veles Ltd.*,
  06 CV 2988 GBD, 2007 WL 725412 (S.D.N.Y. Mar. 12, 2007) ................................. 11, 15, 17

*Prediction Co. LLC v. Rajgarhia*, No.
  09 CIV.7459(SAS), 2010 WL 1050307 (S.D.N.Y. Mar. 22, 2010) ........................................ 15

*Rio Props., Inc. v. Rio Int'l Interlink*,
  284 F.3d 1007 (9th Cir. 2002) ...................................................................................... 11, 14

*RSM Prod. Corp. v. Fridman*,
  No. 06-cv-11512-DLC, 2007 WL 1515068 (S.D.N.Y. May 24, 2007)........................... 11, 18

*Safadjou v. Mohammadi*,
  964 N.Y.S.2d 801 ................................................................................................................ 16

*Sierra Club v. U.S. Army Corps of Engineers*,
  732 F.2d 253 (2d Cir. 1984)................................................................................................... 9

*Snyder v. Energy, Inc.*,
  857 N.Y.S.2d 442 (N.Y. Civ. Ct. 2007) ............................................................................... 16

*Stream SICAV v. Wang*, 989
    F. Supp. 2d 264 (S.D.N.Y. 2013) ................................................................. 18

*U.S. ex rel. Barko v. Halliburton Co.*,
    952 F. Supp. 2d 108 (D.D.C. 2013) ............................................................. 14

*Washington State Inv. Bd. v. Odebrecht S.A.,*
    No. 17-cv-8118-PGG, 2018 WL 6253877 (S.D.N.Y. Sept. 21, 2018) ................... 17

*Weight Watchers Int'l, Inc. v. Luigino's, Inc.*,
    423 F.3d 137 (2d Cir. 2005) ......................................................................... 9

*Williams v. Adver. Sex LLC*,
    231 F.R.D. 483 (N.D. W. Va. 2005) .............................................................. 17

*Williams-Sonoma Inc. v. Friendfinder, Inc.*,
    No. C06-06572 JSW, 2007 WL 1140639 (N.D. Cal. Apr. 17. 2007)................... 13

## STATUTES

15 U.S.C. § 1114(1)(a) ........................................................................................ 8

17 U.S.C. § 106(1) ............................................................................................. 8

## RULES

Fed. R. Civ. P. 15(a)(2) ....................................................................................... 6

Fed. R. Civ. P. 4(f)(1)-(3) ....................................................................... 10, 11, 13, 17

Federal Rule of Civil Procedure 4(e)(1) .............................................................. 15

N.Y. C.P.L.R. 308…………………………………………………………………..15

McGraw Hill LLC, Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning, Cengage Learning, Inc., Elsevier Inc., and Pearson Education, Inc. (collectively, the "Publishers"), and Macmillan Holdings, LLC and Elsevier B.V. (collectively, with the Publishers, "Plaintiffs"),[1] through their undersigned counsel, hereby respectfully submit this Memorandum of Law in support of their Motion for (1) leave to file their First Amended Complaint, amending the Original Complaint filed on April 4, 2023 (ECF No. 14); (2) an Amended Preliminary Injunction ("Amended PI"), supplementing the current Preliminary Injunction entered by the Court on May 2, 2023 (ECF No. 28) ("Preliminary Injunction"); and (3) permission to continue serving Defendants located abroad and/or at unknown/unverified addresses by email.

## PRELIMINARY STATEMENT

This case arises out Defendants' extensive violations of Plaintiffs' rights under the federal copyright and trademark laws through their operation of illegal, infringing websites ("Infringing Sites"). Without any license or authorization, Defendants reproduce and sell wholly unauthorized digital copies of the Publishers' registered, copyrighted test banks, instructor solutions manuals ("ISMs"), and textbooks, which often bear, or use in advertisements, counterfeit reproductions of the Trademark Plaintiffs' federally registered trademarks. *See, e.g.,* Am. Compl. ¶¶ 2, 3, 70 145. Not only do Defendants infringe Plaintiffs' rights through their illegal activities, they facilitate academic cheating, and at the expense of Plaintiffs, authors, educators, and students. Am. Compl. ¶¶ 2, 84, 140, 143.

---

[1] Plaintiffs McGraw Hill LLC, Cengage Learning, Inc., Elsevier B.V., Macmillan Holdings, LLC, and Pearson Education, Inc. assert trademark infringement claims in the Complaint and the proposed Amended Complaint and are collectively referred to herein as the "Trademark Plaintiffs."

Because Defendants hide behind the anonymity of the internet and do not indicate their true identities on or in connection with the Infringing Sites they operate, Plaintiffs filed the original Complaint as a Doe action. *See, e.g., id.* ¶¶ 4, 6, 71. Plaintiffs requested, and the Court granted Plaintiffs permission, to engage in expedited discovery, including to acquire information to identify Defendants' names and locations. *See* April 4, 2023 *Ex Parte* Order (ECF No. 25) ("*Ex Parte* Order"). Plaintiffs issued subpoenas to entities providing services to Defendants' Infringing Sites, including, but not limited to, web hosts, domain registrars, online advertising service providers, financial institutions, and payment processors ("Intermediaries"). *See* Decl. of Michele H. Murphy ("Murphy Decl.") ¶ 2. The subpoena responses have enabled Plaintiffs to name the Defendants operating the Infringing Sites identified in the original Complaint. *Id*. Based on these responses, Plaintiffs have also learned that certain Defendants are operating additional Infringing Sites beyond those identified in the original Complaint. *Id*. Moreover, Plaintiffs have identified additional aliases and email addresses used by Defendants in connection with their infringing businesses, as well as the financial accounts used by Defendants in connection with their ill-gotten proceeds. *Id*.

Accordingly, the proposed Amended Complaint: (1) identifies the Defendants by name, alias, email address, and, where known, location; (2) identifies Defendants' currently known Infringing Sites, which expands upon the prior list of Infringing Sites; (3) updates the exhibit identifying the Plaintiffs' respective copyrighted works infringed based on additional purchases Plaintiffs have made from the Infringing Sites, discovery provided by PayPal showing infringing sales by certain Defendants, and/or archives of the Infringing Sites Plaintiffs captured; (4) updates the exhibit listing the Trademark Plaintiffs' respective trademarks infringed based on additional purchases Plaintiffs have made from the Infringing Sites; and (4) supplements and clarifies certain

allegations about the details surrounding Defendants' infringing conduct, including its willful nature. Under the liberal standards for allowing motions to amend pursuant to Federal Rule of Civil Procedure 15(a)(2), as set forth below, Plaintiffs' motion should be granted.

Plaintiffs have also filed for the Court's consideration a proposed Amended PI. Importantly, the proposed Amended PI does not seek to alter the scope of the Preliminary Injunction as it pertains to either Defendants' direct actions or the actions of third parties. Rather, it seeks to supplement the Preliminary Injunction with the newly discovered information concerning Defendants' identities and the websites they operate that is set forth in the Amended Complaint, as well as Defendants' financial accounts and the financial institutions holding those accounts. Thus, the proposed Amended PI will clarify the applicability, and not substantively change, the Preliminary Injunction.

Finally, Plaintiffs seek an order extending the Alternate Service Order in the *Ex Parte* Order to allow Plaintiffs to continue to serve certain newly named Defendants by email. These Defendants include those who Plaintiffs believe are located in foreign countries but for whom Plaintiffs do not have information that definitively ties them to a known physical addresses (the "Foreign Defendants"), and one Defendant who used incomplete U.S. addresses in connection her infringing business and may be located in the U.S., but Plaintiffs cannot tie her to a known address. Consistent with Federal Rule of Civil Procedure 4(f), these Defendants are not located or believed to be located in countries where service by email is prohibited by international agreement, and traditional means of service are impracticable where, given Defendants' own lack of transparency with respect to their locations, Plaintiffs do not have verifiable addresses at which to serve them.

## **STATEMENT OF FACTS**

Despite having been served with the Complaint and the *Ex Parte* Order (*see* Decl. of

3

Service, ECF No. 35), no Defendant has filed an Answer or other response to the Complaint. However, Plaintiffs have obtained extensive expedited discovery from third parties in accordance with the Expedited Discovery Order contained in the *Ex Parte* Order.  *See* Murphy Decl. ¶ 2; Am. Compl. ¶ 75.  This discovery has yielded information identifying the names of the Defendants as set forth in the Amended Complaint, as well as aliases and additional email addresses associated with many of the Defendants.  *See* Murphy Decl. ¶ 2; Am. Compl. ¶¶ 16-55 & Ex. A.  Expedited discovery has also revealed additional Infringing Sites operated by many of the Defendants.  *Id.*; *see also Ex Parte* Order at 9 (requiring disclosure by Defendants and any individual or entity providing services to Defendants' Infringing Sites or Defendants of "[a]ny other websites or domain names associated with or related to Defendants or the Infringing Sites . . . .").[2]

Further, through expedited discovery, Plaintiffs have identified Defendants' accounts at PayPal, Stripe, and other financial institutions where Defendants kept their illicitly obtained proceeds.  *See* Murphy Decl. ¶ 3.  Each of the PayPal, Stripe, and financial institution accounts listed in Appendix B to the Amended PI, were provided to Plaintiffs by the respective payment processors because they matched an email address used by Defendants and/or were connected to one of Defendants' Infringing Sites.  *See id.*

Finally, as described in the proposed Amended Complaint, Plaintiffs have identified the locations for each of the Defendants to the best of their knowledge.  The Foreign Defendants are believed to reside in Australia, Canada, China, France, India, Israel, Jordan, Mexico, Morocco,

---

[2] Some of the additional websites operated by Defendants have been down and inactive since Plaintiffs received the third parties' discovery responses and became aware of the websites; therefore, Plaintiffs have not been able to review these websites at this time.  *See* Murphy Decl. ¶ 2, n. 2.  Although not determinative, if the domain name of the inactive website suggests that it sold non-book items, Plaintiffs have not included such website on Exhibit A to the proposed Amended Complaint.  *See id.*

Peru, Ukraine, the United Arab Emirates, and Vietnam.[3]  In connection with their infringing businesses, the Foreign Defendants each provided Intermediaries with addresses in these respective countries (certain Defendants also logged into PayPal accounts from these countries). *See* Murphy Decl. ¶ 5., n 3.  However, the Foreign Defendants have also provided additional addresses to Intermediaries in conducting their infringing businesses, including through the use of various aliases.  *See* Murphy Decl. ¶ 5.  Accordingly, Plaintiffs do not know the Foreign Defendants' true addresses within the countries in which Plaintiffs believe they reside.  *See id.*  In addition, Plaintiffs seek permission to serve Defendant Mary Stevenson by email.  Defendant Stevenson provided two incomplete U.S. addresses to Intermediaries in connection her infringing business.  While she may be located in the U.S., or elsewhere, Plaintiffs do not have a verifiable address at which to serve her.  *See* Am. Compl. ¶ 31; Murphy Decl. ¶ 6.

## **ARGUMENT**

I.    Leave to Amend the Complaint Should Be Freely Granted.

Rule 15(a)(2) provides that the "Court should freely give leave" to amend a pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that, in the absence of any apparent or declared reason, leave to amend should be freely given as the rules require); *On Track Innovations Ltd. v. T-Mobile USA, Inc.*, No. 12 CIV. 2224 AJN JCF, 2014 WL 406497, at *1, 5 (S.D.N.Y. Feb. 3, 2014) (referencing the "liberal standard"

---

[3] The Foreign Defendants' believed locations break down as follows: Daniel Miller (Australia); Eeman Maryam and Mary Guzman (Canada); Ming Zang Chen (China); Milad Shayan (France); Ankush Gupta and Rahul Kumarraam (India); Mohammad Hamdan and Mariam J.R. Alghoul (Israel); Fahed Quttainah, Hossam al deen, and Marwan H.A. Abu Zaid (Jordan); Rosa Elena Del Socorro Burgos Arrunategui (Mexico); El Mostafa El Bouchini-Idrissi, Ahmed Bourfad, Fatima Bouaich, Boubker Chemaa, and Omar Ayyadi (Morocco, from which he provided Intermediaries with a government-issued identification card); Luis Espinoza Burgos and Martin Jonatan Espinoza Burgos (Peru); Aleksandr Bezverhniy and Oleksandr Bezverhniy (Ukraine); Zafar Iqbal Khan Muhammad (UAE); and Bui Thi Thuy Vy, Hien Pham, Phuong Viet Ngo, and Truong Thi Huong (Vietnam).  *See* Am. Compl. ¶¶ 16-55.

governing a motion to amend a complaint and granting same in patent infringement case) (citing *Aetna Casualty & Surety Co. v. Aniero Concrete Co.,* 404 F.3d 566, 603–04 (2d Cir.2005)) (additional citation omitted).  Plaintiffs' proposed Amended Complaint easily satisfies this liberal standard.  As such, Plaintiffs "ought to be afforded the opportunity to test [their claims] on the merits" as against the proper defendants.  *See Foman*, 371 U.S. at 182.

Plaintiffs' original Complaint identifies, and asserts claims based on, a number of Infringing Sites through which Defendants sell wholly unauthorized digital copies of Plaintiffs' copyrighted test banks, ISMs, and textbooks, which often bear, or use in advertisements, counterfeit reproductions of the Trademark Plaintiffs' registered trademarks.  With the subpoena responses they have received, Plaintiffs have identified the names (and aliases) of those operating the originally named Infringing Sites.  Moreover, Plaintiffs have been able to link certain Defendants to additional Infringing Sites and/or additional sales of unauthorized digital copies of the Publishers' copyrighted works, including infringing sales that have been ongoing since the filing of the original Complaint in violation of the Preliminary Injunction.  *See* Murphy Decl. ¶¶ 2, 3; *see also On Track Innovations Ltd*., 2014 WL 406497, at *1 (citing *In re American International Group, Inc. Securities Litigation,* No. 04 Civ. 8141, 2008 WL 2795141, at *3 (S.D.N.Y. July 18, 2008)) (the same liberal standard for amending pleadings applies when the plaintiff also "seeks to supplement the complaint with events that happened after the date of the original pleading").  The Trademark Plaintiffs also allege in the proposed Amended Complaint additional trademark claims against certain Defendants.  *See* Murphy Decl. ¶ 2.  Moreover, Plaintiffs have linked certain Defendants to each other and identified piracy networks or "groups" through which they jointly operate Infringing Sites.  *See id.*

The *Foman* Court explained that "[i]n the absence of any apparent or declared reason –

such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," leave to amend "should, as the rules require, be 'freely given.'" 371 U.S. at 182; *see also On Track Innovations Ltd*., 2014 WL 406497, at *1. Plaintiffs' Motion is timely in the overall procedural context of this case. The parties have not begun merits discovery outside of the limited discovery permitted on an expedited basis, no initial conference has been scheduled, and no Case Management Order has been issued. Although served with the original Complaint by email (*see* Decl. of Service, ECF No. 35), no Defendant has filed an Answer or otherwise responded to the original Complaint. Moreover, Defendants' own actions in actively concealing their true identities from consumers and failing to participate in this suit have created the need for Plaintiffs to engage in third-party discovery to determine Defendants' identities and locations. In sum, there has been no undue delay on Plaintiffs' part, and Defendants will not be prejudiced by the amendment.

Furthermore, for the reasons explained above, there is good cause for the amendment in that identifying the true Defendants in the case and supplementing the factual allegations based on information gleaned from expedited discovery will facilitate the ultimate determination of Plaintiffs' claims. Indeed, courts in this District, including this Court, have routinely granted Plaintiffs leave to amend their complaints based on similar facts in cases brought against Doe defendants engaged in infringing activity through infringing websites. *See, e.g., Bedford, Freeman & Worth Publishing Group, LLC et al. v. Does 1-28 et al.*, Civil Action No. 21-cv-6691-ER (S.D.N.Y.), Feb. 2, 2022 Order, ECF No. 66; *Pearson Education, Inc. et al. v. Does 1-39 et al.*, Civil Action No. 21-cv-3486-RA (S.D.N.Y.), Nov. 22, 2021 Order, ECF No. 57; *Elsevier Inc. et al. v. Does 1-86 et al.*, Civil Action No. 20-cv-8438-LLS (S.D.N.Y.), Sept. 24, 2021 Order, ECF

No. 72.[4]

Finally, there can be no issue of futility.  The Amended Complaint, like the original Complaint, alleges copyright and trademark infringement.  The unauthorized reproduction and distribution of pirated copies of copyrighted works, and the use in commerce of counterfeit copies of federally registered trademarks, are unquestionable violations of the Copyright Act and the Lanham Act, respectively.  *See* 17 U.S.C. § 106(1) & (3); 15 U.S.C. § 1114(1)(a).  Indeed, in granting the Preliminary Injunction in this case, the Court has already found that Plaintiffs are likely to succeed on the merits of their claims.  *See* Preliminary Injunction (ECF No. 28) at 3.  Accordingly, the Court should permit the filing of the proposed Amended Complaint.

II.     An Amended Preliminary Injunction Should Be Entered.

There is no question that the Court has the authority to enter the proposed Amended PI.  The "[c]ourt has plenary power over a preliminary injunction and has the equitable discretion to . . . revise it."  *New York City Triathlon, LLC v. NYC Triathlon Club, Inc.*, 704 F. Supp. 2d 305, 328 (S.D.N.Y. 2010); *see also Weight Watchers Int'l, Inc. v. Luigino's, Inc.*, 423 F.3d 137, 141 (2d Cir. 2005) ("The decision whether to modify a preliminary injunction involves an exercise of the same discretion that a court employs in an initial decision to grant or deny a preliminary injunction.").  In particular, courts may modify preliminary injunctions to reflect updated information in the case or preserve the status quo.  *See Sierra Club v. U.S. Army Corps of Engineers*, 732 F.2d 253, 256 (2d Cir. 1984); *Museum Boutique Intercontinental, Ltd. v. Picasso*, 880 F. Supp. 153, 161 (S.D.N.Y. 1995).

Plaintiffs' proposed modifications to the Preliminary Injunction are fully justified here.  They do not alter the scope of the injunction as it pertains to either Defendants' direct actions or

_____

[4] The foregoing orders are attached as Exhibits 1-3 to the Murphy Declaration.

the actions of third parties.  Rather, as noted, they supplement the injunction with newly acquired information from discovery, which even more specifically identifies the Defendants; their Infringing Sites, including those that certain Defendants continue to operate in blatant violation of the Preliminary Injunction; their financial accounts that are subject to the asset freeze; and the financial institutions that are holding those accounts.  Indeed, there is no harm or burden to any party that will come of incorporating such additional and current information into the Court's Order.  Further, the updated information identifying the Defendants and their financial accounts, will assist third parties who are attempting to comply with the injunction and the asset freeze. Moreover, ensuring that the injunction addresses all of Defendants' recent and ongoing infringing activity is critical to curtail further irreparable harm to Plaintiffs.  Accordingly, the Court should also grant Plaintiffs' Motion as to the Amended PI.

III.     Continued Alternate Service by Email Is Warranted.[5]

Plaintiffs seek permission to continue serving the Foreign Defendants and Defendant Stevenson via their email addresses used to operate their Infringing Sites.  Plaintiffs' Motion should be granted because: (i) with respect to the Foreign Defendants, email service is not barred by any applicable international agreement; (ii) email service is appropriate because other means of service are impracticable; and (iii) email is the best method of providing the relevant Defendants with actual notice of the Amended Complaint and the other papers in this case.  Indeed, the same reasons that supported granting the Alternate Service Order in the *Ex Parte* Order continue to apply.  *See Ex Parte* Order at 11-12.  Plaintiffs have been granted similar relief in other cases involving defendants who rely upon email to operate infringing online businesses.[6]

---

[5] Plaintiffs do not seek alternate service for Defendants Agasi Nazaryan, Alecia Trammer, Anthony Danisan, and Ashton Gio, for whom Plaintiffs have confirmed U.S. addresses ("U.S. Defendants").

[6] *See* Murphy Decl. Exs. 1-3.

A. <u>The Foreign Defendants Should Be Served by Email.</u>

Under Federal Rule of Civil Procedure 4(f), service may be effected upon individuals in foreign countries by: (1) "any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents [("Hague Convention")]"; (2) "a method that is reasonably calculated to give notice," for example, "as the foreign authority directs in response to a letter rogatory"; or (3) "other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(1)-(3). Alternate service under Rule 4(f)(3), which is applicable here, "is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *FTC v. PCCare247 Inc.*, No. 12-cv-7189-PAE, 2013 WL 841037, at *2 (S.D.N.Y. Mar. 7, 2013) (citing *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 115 (S.D.N.Y. 2010)); *see also Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002) (a plaintiff is not required to attempt service through the other provisions of Rule 4(f) before the court may order service under Rule 4(f)(3)); *Advanced Aerofoil Techs., AG v. Todaro*, No. 11 Civ. 9505(ALC), 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012). The decision of whether to allow alternate service is "committed to the sound discretion of the district court." *RSM Prod. Corp. v. Fridman*, No. 06-cv-11512-DLC, 2007 WL 1515068, at *1 (S.D.N.Y. May 24, 2007)) (citation and internal quotation marks omitted).

"By design, Rule 4(f)(3) was adopted in order to provide flexibility and discretion to the federal courts in dealing with questions of alternative methods of service of process in foreign countries." *Philip Morris USA Inc. v. Veles Ltd.*, 06 CV 2988 GBD, 2007 WL 725412, at *2 (S.D.N.Y. Mar. 12, 2007) (internal quotations and citation omitted). "Such flexibility necessarily includes the utilization of modern communication technologies to effect service when warranted by the facts." *Broadfoot v. Diaz*, 245 B.R. 713, 720 (Bankr. N.D. Ga. 2000). As a result, courts

have fashioned a range of alternative methods of service, including service by email. *See, e.g.,* *PCCare247*, 2013 WL 841037, at *6 (ordering service by email and Facebook). As discussed further below, "[s]ervice through email is particularly appropriate . . . [where] the record reflects the defendants engage in online business and regularly communicate with customers through functional email addresses." *Elsevier, Inc. v. Siew Yee Chew*, 287 F. Supp. 3d 374, 379-80 (S.D.N.Y. 2018) (internal references omitted).

### 1.  Service by Email is Allowed Under the Hague Convention.

The only international agreement that potentially applies is the Hague Convention. Australia, Canada, China, France, India, Israel, Mexico, Morocco, Ukraine, and Vietnam are all signatories to the Hague Convention. *See* Status Table, Hague Convention, available at: https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited June 27, 2023) ("Status Table"). Plaintiffs believe Defendants Daniel Miller (Australia); Eeman Maryam and Mary Guzman (Canada); Ming Zang Chen (China); Milad Shayan (France); Ankush Gupta and Rahul Kumarraam (India); Mohammad Hamdan and Mariam J.R. Alghoul (Israel); Rosa Elena Del Socorro Burgos Arrunategui (Mexico); El Mostafa El Bouchini-Idrissi, Ahmed Bourfad, Fatima Bouaich, Boubker Chemaa, and Omar Ayyadi (Morocco); Aleksandr Bezverhniy and Oleksandr Bezverhniy (Ukraine); Zafar Iqbal Khan Muhammad (UAE); and Bui Thi Thuy Vy, Hien Pham, Phuong Viet Ngo, and Truong Thi Huong (Vietnam). (the "Hague Country Defendants") are located in these countries. *See infra* n. 2.

The Hague Convention addresses service pursuant to a letters rogatory process in Article 5, as well as by alternate means in Article 10(a). *See Icon DE Holdings LLC v. Eastside Distributors*, No. 14 CIV. 2832 PAE, 2015 WL 4557278, at *2 (S.D.N.Y. July 28, 2015) (the Hague Convention "provides for two means of service. First, Article 5 service is formal; it entails

serving through a state's central authority.  Second, Article 10(a) service is informal; for instance, it permits plaintiff to directly mail the defendant or to serve through hand delivery.").  Article 10(a) does not specifically address service by email.  Therefore, in the absence of a specific objection to such service, courts find that service by email is *not* prohibited by international agreement.  *See, e.g. Assef v. Does 1-10*, No. 15-CV-01960-MEJ, 2016 WL 1191683, at *3 (N.D. Cal. Mar. 28, 2016).  Australia, Canada, China, France, India, Israel, Mexico, Morocco, Ukraine, and Vietnam have not specifically objected to service by email; therefore, such service is not prohibited on the Hague Country Defendants. [7]

### 2.     Service by Email Is Not Prohibited by International Agreement with the Non-Hague Convention Signatories.

Plaintiffs believe Defendants Fahed Quttainah, Hossam al deen, and Marwan H.A. Abu Zaid (Jordan); Luis Espinoza Burgos  and Martin Jonatan Espinoza Burgos (Peru); and Zafar Iqbal Khan Muhammad (UAE) (the "Non-Hague Country Defendants") are located in Jordan, Peru, and the United Arab Emirates.  *See infra* n. 2.  These countries are not signatories to the Hague Convention, and, as such, there is no international agreement concerning service at issue.  *See* Status Table.  As explained by the court in *Siew Yee Chew*, which allowed email service: "Because Malaysia is not a signatory to the Hague Convention, service on the Malaysia-based defendants

---

[7] *See Assef v. Does 1-10*, No. 15-CV-01960-MEJ, 2016 WL 1191683, at *3 (N.D. Cal. Mar. 28, 2016) ("Australia is a member of the Hague Convention, which does not prohibit service by email."); *Williams-Sonoma Inc. v. Friendfinder, Inc.*, No. C06-06572 JSW, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17. 2007) (authorizing service by email in Canada); *Mattel, Inc. v. Animefun Store*, No. 18 CIV. 8824 (LAP), 2020 WL 2097624, at *5 (S.D.N.Y. May 1, 2020) (authorizing service by email in China); *Gurung v. Malhotra*, 279 F.R.D. 215, 219–20 (S.D.N.Y. 2011) (authorizing service by email to India); *adidas AG v. Individuals, P'ships & Uninc. Ass'ns Identified on Schedule "A"*, No. 19-CV-61264-UU, 2019 WL 7841807, at *2 (S.D. Fla. May 23, 2019) (authorizing service by email in Israel); *adidas AG v. Individuals, P'ships & Uninc. Ass'ns Identified on Schedule "A"*, No. 19-CV-61264-UU, 2019 WL 7841807, at *2 (S.D. Fla. May 23, 2019) (authorizing service by email in Israel); *Louis Vuitton Malletier v. Individuals, P'ships & Uninc. Ass'ns Identified on Schedule "A"*, No. 20-61122-CIV, 2020 WL 4501765, at *2 (S.D. Fla. June 9, 2020) (authorizing service by email in Morocco); *Elsevier Inc.*, No. 20-cv-8438-LLS (S.D.N.Y.), Sept. 24, 2021 Order (ECF No. 72) (authorizing service by email in Vietnam).

under Rule 4(f)(1) is not possible.  No other international agreement bars service by email upon the Malaysia-based defendants.  Accordingly, we do not consider the availability of the Hague Convention for purposes of considering the method of service that will be permitted on the Malaysia-based defendants." 287 F. Supp. 3d at 378 (internal citations omitted); *see also adidas*, 2019 WL 7841807, at *2 (finding that "there is no service treaty between the United States and [] Malaysia" and, "[t]hus, there is no international agreement prohibiting service by email or posting on a designated website.").[8]  In the absence of an international agreement, courts can look to alternative methods for service of process, so long as the method comports with constitutional notions of due process.  *See Rio Props.,* 284 F.3d at 1016.  As discussed below, service by email comports with due process; accordingly, Plaintiffs should be permitted to serve the Non-Hague Country Defendants by email.

### 3. The Hague Convention Does Not Apply in Any Event Without Confirmed Addresses.

Even if the Hague Convention was interpreted to limit or prohibit email service in the countries discussed above, Plaintiffs do not have confirmed physical addresses for the Hague Country Defendants within those countries.[9]  Article 1 of the Hague Convention makes clear that "[t]his Convention shall not apply where the address of the person to be served with the document is not known."  Hague Convention, art. 1, 20 U.S.T. 361 (1969).  Indeed, courts applying this provision of Article 1 have found that, without a known address, it would be "inappropriate to require that the plaintiffs attempt service through the Hague Convention."  *Siew Yee Chew*, 287 F.

---

[8] Courts have allowed alternative service by email on defendants in other non-Hague Convention signatory countries because no international agreement applies and bars such service. *See, e.g., U.S. ex rel. Barko v. Halliburton Co.*, 952 F. Supp. 2d 108, 117 (D.D.C. 2013) (Jordan); *Celgene Corp. v. Blanche Ltd.,* No. CV16501SDWLDW, 2017 WL 1282200, at *3 (D.N.J. Mar. 10, 2017) (United Arab Emirates).

[9] To the extent that Defendant Stevenson is located in a country that is a signatory to the Hague Convention, Plaintiffs' lack of a confirmed physical address for her similarly makes the Hague Convention inapplicable.

Supp. 3d at 379; *see also Prediction Co. LLC v. Rajgarhia*, No. 09 CIV.7459(SAS), 2010 WL 1050307, at *2 (S.D.N.Y. Mar. 22, 2010) ("[I]t is worth observing the inapplicability of the Hague Convention ... because [defendant's] address is not known to [plaintiff]."); *Philip Morris*, 2007 WL 725412, at *2 n.4 (finding that email service was authorized and the Hague Convention did not apply; despite physical addresses having been provided to defendants' domain registrars, the actual addresses could not be confirmed as valid). Accordingly, the Hague Convention does bar service by email on the Hauge Country Defendants.

      B.    <u>Even if She Is Located in the United States, Defendant Stevenson Should Be Served by Email.</u>

Defendant Stevenson provided to Intermediaries no legitimate physical address where she can be found. *See* Am. Compl. ¶ 31; Murphy Decl. ¶ 6. Under Federal Rule of Civil Procedure 4(e)(1), service may be effected upon individuals in the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located . . . " Here, New York state law applies. The N.Y. C.P.L.R. allows for service "in such a manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two, and four of this section." N.Y. C.P.L.R. 308(5). Service pursuant to paragraphs one, two, and four of Rule 308 requires that a plaintiff know the whereabouts or home or business address of a defendant. *See* N.Y. C.P.L.R. 308(1) (personal service upon the defendant); 308(2) (delivery to a person at the defendant's home or business); 308(4) (affixing to the door of the defendant's home or business and mailing to the same).

Defendant Stevenson used at least two incomplete and inaccurate U.S. address in connection with her Infringing Site and, as a result, Plaintiffs do not have an address at which to serve her in person or by mail. *See* Am. Compl. ¶ 31; Murphy Decl. ¶ 6. Accordingly, service by traditional means would be impracticable, and the Court may order service of process via an

alternate method, including by email.  *See, e.g. Safadjou v. Mohammadi*, 964 N.Y.S.2d 801, 803-04 (N.Y. App. Div. 2013) ("[B]oth New York courts and federal courts have, upon application by plaintiffs, authorized [e]mail service of process as an appropriate alternative method when the statutory methods have proven ineffective.") (citing *Alfred E. Mann Living Trust v. ETIRC Aviation S.A.R.L.*, 910 N.Y.S.2d 418, 422 (N.Y. App. Div. 2010)); *Snyder v. Energy, Inc.*, 857 N.Y.S.2d 442, 449 (N.Y. Civ. Ct. 2007) (authorizing service by email of defendant corporation and its president under 308(5)).  Indeed, Defendant Stevenson, like the other Defendants in this case, relies upon email to conduct her infringing businesses.

C.   Service by Email Is Reasonably Calculated to Provide Notice to Defendants and Comports with Due Process.

Email service on a defendant engaged in an online business, particularly an illegal one, is appropriate and constitutionally acceptable in a case such as this, where the plaintiff is unable to serve the defendant at a physical address and has shown that email is an effective means of providing the defendant with notice of the action.  *See Siew Yee Chew,* 287 F. Supp.3d at 380 (ordering service by email in similar case involving Plaintiffs); *Dama S.P.A. v. Does*, 15-CV-4528 (VM), 2015 WL 10846737, at *2 (S.D.N.Y. June 15, 2015) (authorizing email service "where a defendant was . . . alleged to be an online China-based counterfeiting network linked to a functioning email address but which otherwise remained anonymous").  Indeed, "[s]ervice by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *PCCare247*, 2013 WL 841037, at *4.  Accordingly, in cases similar to this, where the defendants would be served at email addresses used for their business, courts allow such alternate service.  *See, e.g., Philip Morris,* 2007 WL 725412, at *3 (defendants "conduct business extensively, if not exclusively, through their Internet websites and correspond regularly with customers via email").

Email service has the greatest likelihood of reaching e-commerce merchants. *See generally Williams v. Adver. Sex LLC*, 231 F.R.D. 483, 487 (N.D. W. Va. 2005) (quoting *Broadfoot*, 245 B.R. at 721) ("If any methods of communication can be reasonably calculated to provide a defendant with real notice, surely those communication channels utilized and preferred by the defendant himself must be included among them.").  And email service is particularly appropriate here, where Defendants not only rely on email to operate their Infringing Sites, but attempt to hide their identities and true physical addresses. *See Broadfoot*, 245 B.R. at 722 ("A defendant should not be allowed to evade service by confining himself to modern technological methods of communication not specifically mentioned in the Federal Rules.  Rule 4(f)(3) appears to be designed to prevent such gamesmanship by a party.").

    D.    <u>Service of Other Papers by Email Is Within the Court's Discretion to Order.</u>

Finally, in addition to the Amended Complaint, Plaintiffs seek leave to serve the Foreign Defendants and Defendant Stevenson via email with the other papers in this case that require service under the applicable rules.  This relief is warranted for the same reasons discussed above, and is within the Court's discretion to order. *See PCCare247*, 2013 WL 841037, at *6 (granting "leave to serve motions and other post-complaint documents" via email and Facebook messenger); *RSM Prod. Corp.*, 2007 WL 1515068, at *1.  Defendants are unlikely to receive service by ECF or formally consent to service by email, as they have not participated in this litigation to date.  And without verified addresses, Plaintiffs cannot effectively mail filings to Defendants.  Indeed, any other mode of service would invariably delay this litigation, leading to an inefficient and expensive result, and with no underlying basis, as email is the best way to provide notice to Defendants in any event. *See id.* at *6.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion.


DATED:  July 18, 2023                    Respectfully submitted,


                                          */s/ Danae Tinelli*
                                         Matthew J. Oppenheim
                                         Michele H. Murphy (*pro hac vice*)
                                         Danae Tinelli
                                         Kevin Lindsey

                                         OPPENHEIM + ZEBRAK, LLP
                                         4530 Wisconsin Avenue NW, 5th Floor
                                         Washington, DC 20016
                                         Tel:  (202) 480-2999
                                         matt@oandzlaw.com
                                         michele@oandzlaw.com
                                         danae@oandzlaw.com
                                         klindsey@oandzlaw.com

                                         *Attorneys for Plaintiffs*