Case 1:23-cv-02798-LLS   Document 68   Filed 10/25/23   Page 1 of 4

ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MCGRAW HILL LLC, BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC d/b/a MACMILLAN LEARNING, CENGAGE LEARNING, INC., ELSEVIER INC., ELSEVIER B.V., MACMILLAN HOLDINGS, LLC, and PEARSON EDUCATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AGASI NAZARYAN, AHMED BOURFAD, ALECIA TRAMMER, ALEKSANDR BEZVERHNIY, ANKUSH GUPTA, ANTHONY DANISAN, ASHTON GIO, BOUBKER CHEMAA, BUI THI THUY VY, DANIEL MILLER, EEMAN MARYAM, EL MOSTAFA EL BOUCHINI-IDRISSI, FAHED QUTTAINAH, FATIMA BOUAICH, HIEN PHAM, HOSSAM AL DEEN, LUIS ESPINOZA BURGOS, MARIAM J.R. ALGHOUL, MARTIN JONATAN ESPINOZA BURGOS, MARWAN H. A. ABU ZAID, MARY GUZMAN, MARY STEVENSON, MILAD SHAYAN, MING ZANG CHEN, MOHAMMAD HAMDAN, OLEKSANDR BEZVERHNIY, OMAR AYYADI, PHUONG VIET NGO, RAHUL KUMARRAAM, ROSA ELENA DEL SOCORRO BURGOS ARRUNATEGUI, TRUONG THI HUONG, and ZAFAR IQBAL KHAN MUHAMMAD, <br><br> Defendants. | Civil Action No. 23-cv-2798-LLS <br><br> USDC SDNY <br> DOCUMENT <br> ELECTRONICALLY FILED <br> DOC #: _____ <br> DATE FILED: 10/25/23 |

## [PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION

LLS

Defendant Eeman Maryam (and formerly Doe 35 d/b/a tex-cetera.ws) ("Defendant") was part of the litigation brought by McGraw Hill LLC, Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning, Cengage Learning, Inc., Elsevier Inc., and Pearson Education, Inc. (collectively, the "Publishers"), and Macmillan Holdings, LLC and Elsevier B.V.

(collectively, with the Publishers, "Plaintiffs") involving claims for copyright infringement pursuant to the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, and claims for trademark infringement pursuant to the Lanham Act, 15 U.S.C. §§ 1114(1) *et seq.* Plaintiffs and Defendant indicate that they have settled this matter. In connection therewith, Plaintiffs and Defendant have jointly stipulated to entry of this Final Judgment and Permanent Injunction.

**NOW, THEREFORE**, it is hereby:

I. **ORDERED** that final judgment is **ENTERED** for Plaintiffs against Defendant. With respect to monetary relief, judgment is entered against Defendant for an undisclosed amount. The parties shall bear their own costs and expenses, including attorneys' fees.

II. **FURTHER ORDERED** that a permanent injunction is **ENTERED** in this action as follows:

   a. Defendant, her officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them, who receive actual notice of this Permanent Injunction, are permanently enjoined from:

   i. Directly or indirectly infringing any of the Publishers' Copyrighted Works[1];

   ii. Directly or indirectly infringing any of the Trademark Plaintiffs'

---

[1] "Publishers' Copyrighted Works" means any and all textbooks, test banks, instructor solutions manuals, or other copyrighted works, or portions thereof, whether now in existence or later created, regardless of media type, the copyrights to which are owned or exclusively controlled by any of the Plaintiffs or their parents, subsidiaries, affiliates (excluding for Macmillan Learning, its affiliates and its parents other than its immediate parent company), predecessors, successors, and assigns, whether published in the United States or abroad.

2

Marks[2];

    iii.    Copying, reproducing, manufacturing, importing, downloading, uploading, transmitting, distributing, selling, offering for sale, advertising, marketing, promoting, or otherwise exploiting any of the Publishers' Copyrighted Works and/or goods bearing infringing copies of the Trademark Plaintiffs' Marks or ;

    iv.    Enabling, facilitating, permitting, assisting, soliciting, encouraging, or inducing others to engage in the acts described in paragraphs II.a.i-iii above;

    v.    Using, hosting, operating, maintaining, creating, providing, or registering any computer server, website, domain name, domain name server, cloud storage, e-commerce platform, online advertising service, search engine, social media platform, payment processing, or financial service to infringe or to enable, facilitate, permit, assist, solicit, encourage, or induce the infringement of Plaintiffs' Copyrighted Works or the Trademark Plaintiffs' Marks.

**III.**     **FURTHER ORDERED** that the domain names for the website tex-cetera.ws shall be transferred to the ownership and control of Plaintiffs, and that Defendant

---

[2] "Trademark Plaintiffs' Marks" means any and all trademarks and service marks, whether now in existence or later created, which are owned or exclusively controlled by Trademark Plaintiffs or their parents, subsidiaries, affiliates (excluding for Macmillan Holdings, its parents, subsidiaries and affiliates), predecessors, successors, and assigns, whether used in commerce in the United States or abroad.

shall take all necessary steps to facilitate such transfer through the applicable registrars and/or registries.

IV. **FURTHER ORDERED** that the Court retains jurisdiction for the purpose of enforcing this Order. Without limiting the foregoing, in the event Plaintiffs discover any new websites owned or operated by Defendant in violation of any of the terms of this Permanent Injunction, Plaintiffs may move the Court for a supplemental order as may be appropriate to effectuate the purposes of this Permanent Injunction.

V. **FURTHER ORDERED** that this Order replaces the Court's Preliminary Injunction issued in this case as to Defendant.

**SO ORDERED** this 25th day of October 2023.

Louis L. Stanton
U.S.D.J.